MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
EDWIN LORENZO RUCUCH, *individually*
*and on behalf of others similarly situated,*

                                *Plaintiff,*

             -against-

12 CHAIRS BYN, LLC  (D/B/A 12 CHAIRS
CAFE), SIMON MAMAN , RON KEEREN ,
and RONEN GRADY ,

                           *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiff Edwin Lorenzo Rucuch ("Plaintiff Rucuch" or "Mr. Rucuch"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against 12 Chairs Byn, LLC (d/b/a 12 Chairs Cafe), ("Defendant Corporation"), Simon Maman, Ron Keeren, and  Ronen Grady, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

       1.     Plaintiff Rucuch is a former employee of Defendants 12 Chairs Byn, LLC (d/b/a 12 Chairs Cafe), Simon Maman, Ron Keeren, and Ronen Grady.

       2.     Defendants own, operate, or control a Mediterranean restaurant, located at 342 Wythe Avenue, Brooklyn, New York 11211 under the name "12 Chairs Cafe".

3.      Upon information and belief, individual Defendants Simon Maman, Ron Keeren, and Ronen Grady, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Rucuch was an employee of Defendants.

5.      Plaintiff Rucuch was ostensibly employed as a delivery worker for most of his employment and as a food preparer and a dishwasher for the last month of his employment, at the restaurant located at 342 Wythe Avenue, Brooklyn, New York 11211.

6.       However, when ostensibly employed as a delivery worker, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to washing dishes, stocking deliveries, cleaning the restaurant, taking out trash, preparing food, carrying down and stocking deliveries in the basement, bringing up items from the basement, sweeping and mopping the restaurant and cleaning tables (hereafter the "non-tipped duties").

7.      At all times relevant to this Complaint, Plaintiff Rucuch worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

8.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Rucuch appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.      Further, Defendants failed to pay Plaintiff Rucuch the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10.     Defendants employed and accounted for Plaintiff Rucuch as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Rucuch's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, at all relevant times, Defendants employed the policy and practice of disguising Plaintiff Rucuch's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to take a tip credit and to avoid paying Plaintiff Rucuch at the minimum wage rate.

13.     Defendants' conduct extended beyond Plaintiff Rucuch to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rucuch and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Rucuch now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiff Rucuch seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Rucuch's state law claims under 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Mediterranean restaurant located in this district. Further, Plaintiff Rucuch was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.     Plaintiff Edwin Lorenzo Rucuch ("Plaintiff Rucuch" or "Mr. Rucuch") is an adult individual residing in Queens County, New York.

20.     Plaintiff Rucuch was employed by Defendants at 12 Chairs Cafe from approximately September 2015 until on or about December 11, 2017.

21.     Plaintiff Rucuch consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22. At all relevant times, Defendants owned, operated, or controlled a Mediterranean restaurant, located at 342 Wythe Avenue, Brooklyn, New York 11211 under the name "12 Chairs Cafe".

23. Upon information and belief, 12 Chairs Byn, LLC (d/b/a 12 Chairs Cafe) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 342 Wythe Avenue, Brooklyn, New York 11211.

24. Defendant Simon Maman is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Simon Maman is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Simon Maman possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rucuch, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25. Defendant Ron Keeren is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ron Keeren is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ron Keeren possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rucuch, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Ronen Grady is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ronen Grady is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ronen Grady possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rucuch, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

27.     Defendants operate a Mediterranean restaurant located in the Williamsburg sector in Brooklyn.

28.     Individual Defendants, Simon Maman, Ron Keeren, and Ronen Grady, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiff Rucuch's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Rucuch, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiff Rucuch (and all similarly situated employees) and are Plaintiff Rucuch's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiff Rucuch and/or similarly situated individuals.

33.     Upon information and belief, Individual Defendants Simon Maman, Ron Keeren, and Ronen Grady operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f)  intermingling assets and debts of their own with Defendant Corporation,

    g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiff Rucuch's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Rucuch, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Rucuch's services.

35.     In each year from 2015 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

37.     Plaintiff Rucuch is a former employee of Defendants who ostensibly was employed as a delivery worker during most of his employment, and as a food preparer and a dishwasher for the last month of his employment. However, when ostensibly working as a delivery worker, he spent over 20% of each shift performing the non-tipped duties described above.

38.     Plaintiff Rucuch seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Edwin Lorenzo Rucuch*

39.     Plaintiff Rucuch was employed by Defendants from approximately September 2015 until on or about December 11, 2017.

40.     Defendants ostensibly employed Plaintiff Rucuch as a delivery worker and for the last month of his employment, as a food preparer and a dishwasher.

41.     However, when working as a delivery worker, Plaintiff Rucuch was also required to spend a significant portion of his work day performing the non-tipped duties described above.

42.     At all relevant times, although Plaintiff Rucuch ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

43.     Plaintiff Rucuch regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44.     Plaintiff Rucuch's work duties required neither discretion nor independent judgment.

45.     Throughout his employment with Defendants, Plaintiff Rucuch regularly worked in excess of 40 hours per week.

46.     From approximately September 2015 until on or about November 15, 2017, Plaintiff Rucuch worked as a delivery worker from approximately 3:00 p.m. until on or about 12:45 a.m. to 1:10 a.m., 6 days a week (typically 58.5 to 61 hours per week).

47.     From approximately November 16, 2017 until on or about December 11, 2017, Plaintiff Rucuch worked as a food preparer and a dishwasher from approximately 7:00 a.m. until on or about 5:00 p.m., 6 days a week (typically 60 hours per week).

48.     Throughout his employment, Defendants paid Plaintiff Rucuch his wages in cash.

49.     From approximately September 2015 until on or about November 15, 2017, Defendants paid Plaintiff Rucuch a fixed salary of $450 per week.

50.     From approximately November 16, 2017 until on or about December 11, 2017, Defendants paid Plaintiff Rucuch a fixed salary of $500 per week.

51.     Plaintiff Rucuch's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

52.     For example, Defendants regularly required Plaintiff Rucuch to work an additional 10 minutes past his scheduled departure time, and did not pay him for the additional time he worked.

53.     Defendants never granted Plaintiff Rucuch any breaks or meal periods of any kind.

54.     Plaintiff Rucuch was never notified by Defendants that his tips were being included as an offset for wages.

55.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Rucuch's wages.

56.     Plaintiff Rucuch was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

57.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Rucuch regarding overtime and wages under the FLSA and NYLL.

58.     Defendants did not provide Plaintiff Rucuch an accurate statement of wages, as required by NYLL 195(3).

59.     Defendants did not give any notice to Plaintiff Rucuch, in English and in Spanish (Plaintiff Rucuch's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

60.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rucuch (and all similarly situated employees) to work in excess of 40 hours a

week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

61.     Plaintiff Rucuch was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

62.     Defendants' pay practices resulted in Plaintiff Rucuch not receiving payment for all his hours worked, and resulting in Plaintiff Rucuch's effective rate of pay falling below the required minimum wage rate.

63.     Defendants habitually required Plaintiff Rucuch to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

64.     Defendants required all delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.  Plaintiff Rucuch and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

65.      Plaintiff Rucuch and all other tipped workers were paid at a rate that was below minimum wage by Defendants.

66.     However, under state law, Defendants were not entitled to a tip credit because the tipped workers' and Plaintiff Rucuch's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

67.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under

federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

68.     Plaintiff Rucuch's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

69.     In violation of federal and state law as codified above, Defendants classified Plaintiff Rucuch and other tipped workers as tipped employees, and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

70.     Defendants failed to inform Plaintiff Rucuch who received tips that Defendants intended to take a deduction against Plaintiff Rucuch's earned wages for tip income, as required by the NYLL before any deduction may be taken.

71.     Defendants failed to inform Plaintiff Rucuch who received tips, that his tips were being credited towards the payment of the minimum wage.

72.     Defendants failed to maintain a record of tips earned by Plaintiff Rucuch.

73.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

74.     Plaintiff Rucuch was paid his wages in cash.

75.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Rucuch (and similarly situated individuals) worked, and to avoid paying Plaintiff Rucuch properly for his full hours worked.

76.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

77.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Rucuch and other similarly situated former workers.

78.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

79.     Defendants failed to provide Plaintiff Rucuch and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

80.     Defendants failed to provide Plaintiff Rucuch and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

81.     Plaintiff Rucuch brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

82.     At all relevant times, Plaintiff Rucuch and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

83.     The claims of Plaintiff Rucuch stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

84.     Plaintiff Rucuch repeats and realleges all paragraphs above as though fully set forth herein.

85.     At all times relevant to this action, Defendants were Plaintiff Rucuch's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Rucuch (and the FLSA Class Members), controlled the terms and

conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

86.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

87.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

88.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff Rucuch (and the FLSA Class members) at the applicable minimum hourly rate.

89.    Defendants' failure to pay Plaintiff Rucuch (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

90.    Plaintiff Rucuch (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

91.    Plaintiff Rucuch repeats and realleges all paragraphs above as though fully set forth herein.

92.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Rucuch (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

93.    Defendants' failure to pay Plaintiff Rucuch (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

94.    Plaintiff Rucuch (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

95.      Plaintiff Rucuch repeats and realleges all paragraphs above as though fully set forth herein.

96.      At all times relevant to this action, Defendants were Plaintiff Rucuch's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Rucuch, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

97.      Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Rucuch less than the minimum wage.

98.      Defendants' failure to pay Plaintiff Rucuch the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

99.      Plaintiff Rucuch was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

100.      Plaintiff Rucuch repeats and realleges all paragraphs above as though fully set forth herein.

101.      Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Rucuch  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

102.     Defendants' failure to pay Plaintiff Rucuch overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

103.     Plaintiff Rucuch was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

104.     Plaintiff Rucuch repeats and realleges all paragraphs above as though fully set forth herein.

105.     Defendants failed to pay Plaintiff Rucuch one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Rucuch's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

106.     Defendants' failure to pay Plaintiff Rucuch an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

107.     Plaintiff Rucuch was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

108.     Plaintiff Rucuch repeats and realleges all paragraphs above as though fully set forth herein.

109.     Defendants failed to provide Plaintiff Rucuch with a written notice, in English and in Spanish (Plaintiff Rucuch's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging

allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

110.     Defendants are liable to Plaintiff Rucuch in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

111.      Plaintiff Rucuch repeats and realleges all paragraphs above as though fully set forth herein.

112.      With each payment of wages, Defendants failed to provide Plaintiff Rucuch with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

113.     Defendants are liable to Plaintiff Rucuch in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rucuch respectfully requests that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rucuch and the FLSA Class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rucuch and the FLSA Class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Rucuch's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Rucuch and the FLSA Class members;

(f)      Awarding Plaintiff Rucuch and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Rucuch and the FLSA Class members liquidated damages in

an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rucuch;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rucuch;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Rucuch;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Rucuch's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Awarding Plaintiff Rucuch damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)    Awarding Plaintiff Rucuch damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Rucuch liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Rucuch and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Rucuch and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Rucuch demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       December 20, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 18, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                              Edwin Lorenzo Rucuch

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                                    18 de diciembre de 2017